# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DURWYN TALLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 16-cv-3327-MMM** |
| | ) | |
| **MEDICAL DIRECTOR, BUTLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs at the Western Illinois Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff has filed 20 lawsuits and has accumulated four strikes. *Talley v Gongockey*, No. 13-1112 (C.D. Ill Nov. 18, 2013); *Talley v Reardon*, No. 14-2251 (C.D. Ill. Feb. 2, 2015); *Talley v Williams*, Case No. 14-3291 (C.D. Ill. July 14, 2015) and *Talley v Clerk of Court*, No. 15-5323 (N.D. Ill. June 19, 2015).  Plaintiff has filed this latest complaint and a petition to proceed in forma pauperis, without prepayment of the filing fee [ECF 3].  Pursuant to 28

U.S.C.§1915(g), a plaintiff may not proceed in forma pauperis if he has accumulated three or more strikes unless "under imminent danger of serious physical injury."

Plaintiff names Warden Korte, Medical Director Butler, Healthcare Supervisor Shoemaker, Cindy Hobrock, Lt. Meagason and two John Doe dentists. Plaintiff alleges that he had a hole in an upper right tooth and sent numerous requests in January and February, 2016, to be seen by a dentist. In February 2016, he was seen by a female dentist who provided him a temporary filling. Plaintiff alleges that she placed the filling "without cleaning it out or without giving him an x-ray."

Plaintiff asserts that the pain in his tooth returned several weeks later accompanied by swelling of the gum. He also claims that an upper left tooth broke and it was several months before he was seen by the dentist. On an unidentified date in June 2016, the same female dentist x-rayed Plaintiff's teeth and scheduled him for a filling.

On June 28, 2016, Plaintiff's tooth was filled by a male dentist who "insisted on shooting him up with Novocain..." Plaintiff claims that the dentist drilled his tooth, pulled part of his nerve out of the gum and into the drilled tooth, damaged the tooth next to it. Plaintiff claims that the doctor used too much Novocain as he was numb for approximately 8 hours. He claims that he has had heart pain ever since, and that the amount of Novocain used could have caused his death. He also claims that he had pain every time he chewed on the drilled tooth, and that it was sensitive to hot, cold and air. These symptoms appear to have resolved though Plaintiff claims that he now experiences excruciating pain and nerve pain in his teeth.

Plaintiff complained of the alleged over-use of Novocain to Defendants Butler, Korte, Shoemaker, Meagason and Hobrock. Plaintiff claims that these Defendants disregarded his

serious medical needs, failed to provide him with pain medication and failed to refer him to a specialist.

While Plaintiff names the female dentist, his claims against her are that she did not clean or x-ray the tooth prior to placing a temporary filling in February 2016.  He states that this dentist saw him again in June 2016, undertook x-rays and scheduled him for a filling which was done by another dentist on June 28, 2016.  These assertions fail to allege that Plaintiff suffered an excessive risk to his health which Defendant disregarded.  It also fails to assert that  Plaintiff suffered any harm as a result of Defendant's actions.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  Doe Dentist #1 is DISMISSED.

Plaintiff claims that the male dentist, John Doe Dentist #2, was deliberately indifferent for drilling his tooth to the extent that Plaintiff experienced pain upon chewing and was sensitive to hot, cold and air.   As noted, Plaintiff is a 3-striker and may proceed *in forma pauperis* only if in imminent danger of serious physical harm.  The requirement that the danger be "imminent" is meant as "an escape hatch for genuine emergencies…"  *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).  It is to be asserted if "time is pressing" and "a threat ... is real and proximate." *Heimermann v Litxcher,* 337 F3d 781 (7th Cir. 2003).  To be imminent, the harm must be occurring "at the time the  complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003).  In addition to being imminent, the danger must also involve  "serious physical injury." 28 U.S.C. § 1915(g).  Courts are to deny a 3-strikes plaintiff leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini* at 330.

It appears that the pain upon chewing and tooth sensitivity resolved as, at the time of filing, Plaintiff no longer complained of these particular symptoms.  Plaintiff states a colorable claim of deliberate indifference against Doe Defendant #2 for the manner in which he drilled his

tooth.   However, this claim occurred on June 28, 2016, and the associated symptoms had resolved by the time Plaintiff filed his December 20, 2016 complaint.  As a result, the complaints of pain on chewing and tooth sensitivity were not occurring "at the time the  complaint [was] filed." *Ciarpagini* at 330.  This claim against Doe Defendant #2 will be allowed to procced but Plaintiff will not be granted leave to  proceed *in forma pauperis*.

While Plaintiff did not complain of chewing pain and sensitivity when he filed his complaint, he did complain of "excruciating pain" and "nerve pain" in his "teeth".   He does not, however, claim to have pain in the tooth which was drilled and might well have pain in all of his teeth. He does not claim that he sought, and was refused treatment, for this pain.  Plaintiff does not indicate when this pain began and does not allege that it resulted from the care rendered by Doe Dentist #2.  As a result, Plaintiff fails to state a claim against Doe Dentist #2 regarding the excruciating nerve pain he is currently experiencing.

Plaintiff's remaining claim against Doe Dentist #2 is that he used too much Novocain which caused Plaintiff to be numb for eight hours and left him with residual "heart pain. " The Court finds Plaintiff's unsupported claim that his heart pain is related to the use of dental Novocain  "conclusory or ridiculous." *Ciarpagini* at 330.  This claim is DISMISSED.

As to Defendants Butler, Korte, Shoemaker, Meagason, and Hobrock,  Plaintiff alleges that they were deliberately indifferent as they knew of the Doe Dentist's over-use of Novocain but failed to provide Plaintiff pain medication or referral to a specialist.   Plaintiff does not claim that he asked them for pain medication or that they had the authority to prescribe him pain medication.  Furthermore, he fails to reveal the reason for which he needed referral to a specialist.   Plaintiff will be given an opportunity to replead this claim with more specificity.  He

will not be granted leave to proceed *in forma pauperis* as these complaints arose on June 28,

2016, and were not occurring at the time the complaint was filed. *Ciarpagini* at 330.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff is given leave 30 days in which to replead his deliberate indifference

claim that Doe Defendant #2 improperly filled his tooth on June 28, 2016 and that Defendants

Butler, Korte, Shoemaker, Meagason, and Hobrock failed to provide pain medication or referral

to a specialist. All other claims are DISMISSED. Plaintiffs amended complaint is to be

captioned "Amended Complaint" and is to stand complete on its own without reference to any

prior pleading.

2)      The Doe Defendant #1 is DISMISSED for Plaintiff's failure to state a claim

against her. The Clerk is to TERMINATE this Defendant as a party.

3)      Plaintiff's petition for in forma pauperis status [3] is DENIED as he is a 3-striker

and has failed to allege imminent danger of serious physical harm. Plaintiff will be given 14

days in which to pay the $400 filing fee. The failure to do so will result in the dismissal of this

case.

4)      Plaintiff's Motion for Recruitment of pro bono counsel [6] and Motion to Stay

[12] are DENIED, with leave to reassert should he pay the filing fee and file an amended

complaint.


 4/27/2017                                         s/Michael M. Mihm
ENTERED                                      MICHAEL M. MIHM
                                      UNITED STATES DISTRICT JUDGE